# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| **VTEC TECHNOLOGIES, LLC and** | ) |
| **VTEC TECHNOLOGIES, INC.** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| vs. | ) Case No. 2:07CV45MLM |
| | ) |
| **DAVID A. RICHARD, INC. a/k/a** | ) |
| **PLASTEC, INC., and** | ) |
| **DAVID A. RICHARD,** | ) |
| | ) |
| **Defendants.** | ) |

## **MEMORANDUM OPINION**

Before the court is the Motion to Dismiss filed by David A. Richard, Inc. a/k/a Plastec, Inc., and David A. Richard (jointly "Defendants"). Doc. 12. Plaintiffs VTEC Technologies, LLC, and VTEC Technologies, Inc., (jointly "Plaintiffs) filed a Response. Doc. 17. Defendants filed a Reply. Doc. 18. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 16.

In their Complaint Plaintiffs allege Fraud and Misrepresentation in Count I, breach of fiduciary duty in Count II, and breach of contract in Count III. The parties are signatories to the First Amended & Restated Consulting and Technology Transfer Agreement (the "Agreement") which provides as follows in Section 18.8:

> Resolution by Mediation. Both parties hereto agree that in the event there is any dispute in relation to any matter covered by this Agreement, they shall in the first instance seek to resolve the dispute or difference by negotiation directly or through non-binding mediation with a third party mutually acceptable to both parties.

In the Motion to Dismiss Defendants argue that Plaintiffs are subject to mediation as a condition precedent to litigation; that Plaintiffs have filed the present litigation without mediating their claims pursuant to the above quoted terms of the Agreement; that this matter is improperly before

the court; and that, therefore, Plaintiffs' Complaint should be dismissed. In support of the Motion to Dismiss Defendants have submitted an affidavit from corporate counsel along with supporting exhibits. Plaintiffs contend that they complied with the requirements of the Agreement prior to filing the Complaint.

The court first notes that the Agreement does not mandate mediation. Rather, the Agreement provides that the parties must seek to resolve any dispute prior to filing suit by one of two means, "negotiation directly" or mediation with a third party. Having reviewed the parties' memorandums including corporate counsel's affidavit, the court finds that while the parties' conduct can not be necessarily characterized as cooperative, Plaintiffs did make attempts to "negotiat[e] directly" the dispute between the parties prior to filing suit in the matter under consideration. As such, the court finds that Plaintiffs have complied with the above quoted provision of the Agreement. The court will, therefore, deny Defendants' Motion to Dismiss. By separate order, the court will set a Rule 16 Scheduling Conference. At the time of the Rule 16 Conference, the court may order early mediation, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by Defendants is **DENIED.** Doc. 12.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of November, 2007.