UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| VTEC TECHNOLOGIES, LLC and<br>VTEC TECHNOLOGIES, INC.<br><br>    Plaintiffs,<br><br>vs.<br><br>DAVID A. RICHARD, INC. a/k/a<br>PLASTEC, INC., and<br>DAVID A. RICHARD,<br><br>    Defendants. | Case No. 2:07CV45MLM |

## MEMORANDUM OPINION

Before the court is the Motion to Dismiss Amended Counterclaim, Count II, filed by Plaintiffs/Counter-Defendants VTEC Technologies, LLC and VTEC Technologies, Inc., (jointly "VTEC"). Doc. 37. Defendants/Counter-Plaintiffs David A. Richard, Inc. a/k/a Plastec, Inc., and David A. Richard (jointly "Richard") filed a Response. Doc. 47. VTEC filed a Reply. Doc. 42. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 16.

### LEGAL STANDARD FOR A MOTION TO DISMISS

VTEC contends that Richard has failed to comply with the pleading requirements of Federal Rule of Civil Procedure Rule 9(b). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." "'Circumstances' include such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." Bennett v.

Berg, 685 F.2d 1053, 1062 (8th Cir.1982), adhered to on reh'g, 710 F.2d 1361 (8th Cir. 1983).

The Eighth Circuit has further explained the pleading requirements of Rule 9(b) as follows:

> Rule 9(b)'s "particularity requirement demands a higher degree of notice than that required for other claims," and "is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations." United States ex rel. Costner v. URS Consultants, Inc., 317 F.3d 883, 888 (8th Cir. 2003) (citing Abels v. Farmers Commodities Corp., 259 F.3d 910, 920-21 (8th Cir. 2001)). To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result. See, e.g., Corsello, 428 F.3d at 1012; Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 746 (8th Cir. 2002). Put another way, the complaint must identify the "who, what, where, when, and how" of the alleged fraud. Costner, 317 F.3d at 888 (citing Parnes v. Gateway 2000, Inc., 122 F.3d 539, 550 (8th Cir.1997)).

United States ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 556 (8th Cir. 2006).

Conclusory or generalized allegations of fraud do not satisfy the pleading requirements of Rule 9(b). Id. at 557. See also BJC Health System v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007). Nonetheless, "Rule 9(b) must be read 'in harmony with the principles of notice pleading.'" Id. (citing Schaller Telephone Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 746 (8th Cir. 2002) (quoting Abels v. Farmers Commodities Corp., 259 F.3d 910, 920 (8th Cir. 2001)).

## DISCUSSION

In Count II of the Amended Counterclaim Richard alleges fraud and misrepresentation. Thus, Rule 9(b) is applicable to Richard's Amended Counterclaim. In the pending Motion to Dismiss, filed on February 19, 2008, VTEC contends that the examples of fraud which Richard alleges in ¶¶ 15 and 16 of Count II of the Amended Counterclaim are insufficient as they fail to plead fraud with particularity as required by the Federal Rules of Civil Procedure, Rule 9(b). VTEC suggests, in this

2

regard, that Richard does not sufficiently allege the circumstances constituting fraud such as the time, place, and contents of the false representations as well as the identity of the person making the representation. VTEC further contends in support of its Motion that ¶ 15 and ¶ 16 rely on the same "representative examples" and that the allegations of these paragraphs are mere "puffery."

In ¶15 of the Amended Counterclaim Richard alleges that VTEC made knowing and false representations to him in order to induce him to enter a consultation agreement and in ¶16 Richard alleges that VTEC made knowing and false representations to him in order to induce him to accept equity ownership in VTEC as compensation rather than salary payments. First, the court notes that, while not specifying every instance in which VTEC engaged in the conduct described in ¶ ¶ 15 and 16, Richard has provided representative examples in each subparagraph which specify the person who made the misrepresentation, the method by which the alleged misrepresentation was made, the conduct of the person engaging in the fraud, as well as the date the fraud was committed. Further, in subparagraphs of ¶ 15 and ¶ 16, among other things, Richard identified VTEC's representative who allegedly engaged in the fraud, the location of the representative when she engaged in the fraud, and the method by which she communicated the fraud. As such, Richard has complied with the specificity requirements of Rule 9(b). See BJC, 478 F.3d at 917; Joshi, 441 F.3d at 556.

In the context of an allegation of fraud, "puffery" has been defined by the Eighth Circuit as mere opinion or exaggeration. See Craft v. Metromedia Inc., 766 F.2d 1205, 1218-19 (8th Cir. 1985). The Eighth Circuit has also described "puffery" as immaterial statements of fact which are not actionable; it is mere rhetoric which is void of specificity. See Parnes v. Gateway 2000, Inc., 122 F.3d 539, 548 (8th Cir. 1997) (holding that alleged misrepresentation of significant growth in a corporation's prospectus were immaterial to the plaintiff's cause of action and, hence, puffery). Given

3

the specificity of Richard's allegations and the fact that they appear to be more than mere opinion the court finds that the allegations of ¶¶ 15 and 16 are not puffery. See Gregory, 494 F.3d at 709.

Additionally, basing ¶ 15 and ¶ 16 on the same factual allegations does not establish a basis upon which the allegations of either of those paragraphs should be dismissed. See Diversified Graphics, Ltd. v. Groves, 868 F.2d 293, 295 (8th Cir. 1989) (holding that claims based on same factual basis may be brought pursuant to alternative theories). The court finds, therefore, that Richard has complied with the pleading requirements of Rule 9(b) and that VTEC's Motion to Dismiss Count II of the Amended Counterclaim for failure to comply with this Rule should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by VTEC is **DENIED**; Doc. 37.

/s/ Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE


Dated this 4th day of April, 2008.